UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THERESA BARTON,

                Plaintiff,                                  **MEMORANDUM & ORDER**
                                                                             17-CV-5326 (PKC)(RML)

        -against-

STATE OF NEW YORK,

                Defendant.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      *Pro se* Plaintiff Theresa Barton, detained at Rikers Island at the time of filing the complaint, filed her initial complaint on September 8, 2017 against the State of New York. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that the State of New York imposed an excessive bail amount during her prosecution in the Supreme Court of the State of New York, Kings County. (Dkt. 1.) By order dated October 18, 2017, Plaintiff's application to proceed *in forma pauperis* ("IFP") was denied without prejudice and she was given leave to amend her complaint. (Dkt. 7.) On November 27, 2017, Plaintiff submitted a timely long form IFP application (Dkt. 9) and an amended complaint seeking "money damages of whatever this Court may deem fair, just and proper" (Dkt. 10 at 4). Plaintiff's amended request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The amended complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the same time, *pro se* complaints are held to less stringent standards than pleadings drafted by

attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## BACKGROUND

The Court has reviewed Plaintiff's amended complaint, and liberally construed its contents. This case appears to stem primarily from alleged constitutional violations during Plaintiff's criminal state court prosecution in Kings County Supreme Court in 2017 for multiple counts of criminal contempt, the use of obscene language, and the making of unreasonable noise. (*See* Dkt. 7 at 3 nn. 4-5; Dkt. 10 at 2.)

First, Plaintiff states that on May 9, 2017, she was "held on excessive bail" of $501,000 after her arrest. (Dkt. 10 at 1.)[1] Second, Plaintiff alleges that she was excluded from the grand jury proceedings on May 9, 2017. Third, Plaintiff states that, on August 27, 2017, she waited fruitlessly "all day" in the "pens" of the New York County Criminal Court for her psychiatric evaluation pursuant to CPLR 730, and that the psychiatrist "never showed up." (*Id.* at 2.)[2] Fourth,

---

[1] Plaintiff provides no factual basis for her claim of excessive bail in her Amended Complaint, but she provided additional details in her initial complaint. (*See* Dkt. 1 at 5, 8; Dkt. 7 at 3.) Although it is clearly established law that a plaintiff's Amended Complaint completely replaces her original complaint, *Arce v. Walker,* 139 F.3d 329, 332 n. 4 (2d Cir. 1998), in light of Plaintiff's *pro se* status, the Court will consider it as supplementing Plaintiff's original factual allegations.

[2] The balance of the Amended Complaint concerns Plaintiff's mental health diagnoses and treatment, divorce, and involvement with the criminal justice system for violating orders of protection obtained by her former husband. (Dkt. 10 at 3-17.) It is unclear how this information is relevant to the constitutional claims that she raises, but it clearly suggests a prolonged feeling of mistreatment by the criminal justice system and the lack of publicly available mental health services. (*See id.* at 5 ("I have been crying out for help since 2015; only to be committed, ignored

2

with respect to criminal charges she incurred in 2016, Plaintiff states that her attorneys "said nothing in [her] defense until almost the end when [she] pled guilty with the intent to harass people." (*Id.*)

## DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff names the State of New York as the sole defendant in this civil rights complaint seeking damages. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989). Thus, Eleventh Amendment immunity bars Plaintiff's claim for damages against the State of New York.

### B. Section 1983 Claims

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. That is, in order to maintain a Section 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

---

and arrested.").)

### 1. Eighth Amendment Excessive Bail Claim

Plaintiff's Amended Complaint reiterates that the trial court set an excessive bail in violation of her Eighth Amendment rights, but provides no additional relevant information. The Eighth Amendment requires that when bail is granted, it may not "impose restraints that are more than necessary to achieve the government's interest[,] . . . [in] preventing risk of flight and danger to society or children." *United States v. Polouizzi*, 697 F.Supp.2d 381, 390 (E.D.N.Y. 2010) (citing *United States v. Salerno,* 481 U.S. 739, 754 (1987)). The Supreme Court has held that the term "excessive" means "grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian,* 524 U.S. 321, 334 (1998); *Salerno,* 481 U.S. at 754-55 ("[B]ail must be set by a court at a sum designated to ensure th[e] goal [of preventing flight], and no more.").

Plaintiff claims that her bail was excessive relative to the crimes with which she was charged. (Dkt. 10 at 1); *see, e.g., Wagenmann v. Adams,* 829 F.2d 196, 213 (1st Cir.1987) (finding $500 excessive when defendant had no criminal history and was accused of minor violations); *cf. United States v. Beaman,* 631 F.2d 85, 86–87 (6th Cir. 1980) (finding $400,000 bond excessive under the statutory counterpart to the Eighth Amendment based on the "facts available in this case"). But, just as with her initial complaint, Plaintiff provides no facts in support of her conclusion that her bail was excessive. Although she states that her bail was $501,000 and she was only charged with misdemeanors, she does not provide the number or type of crimes with which she was charged or the circumstances of her case. Because Plaintiff has not alleged facts that would tend to show that her bail was disproportional to the gravity of the offenses with which she was charged, she has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, her excessive bail claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Sixth Amendment Claim Grand Jury Claim

Plaintiff claims that the state's failure to produce her for her attendance at the grand jury proceedings on May 9, 2017 violated her Sixth Amendment right to a fair and speedy trial. (Dkt. 10 at 1-2.) She does not state whether she was seeking to attend the proceedings on that date or to testify before the grand jury. Regardless, a plaintiff has no federal constitutional right to either attend or testify before a grand jury, *cf. United States v. Mandujano*, 425 U.S. 564, 571-72 (1976), and she only has a legal right under New York State law to testify before the grand jury as a witness on her own behalf if she has provided written notice of her request to the district attorney, *see* N.Y. Crim. Proc. Law § 190.50(5)(a) ("When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent."). While Plaintiff has a constitutional right as a defendant in a criminal proceeding to be present and testify at her criminal trial, she does not have a constitutional or federal right to be present or to testify at grand jury proceedings. Thus, Plaintiff has failed to state a claim under Section 1983 regarding her non-appearance before the grand jury because she has not alleged the violation of a constitutional or federal right. 28 U.S.C. § 1915(e)(2)(B).

### 3. Action for Damages Arising Out of State Court Criminal Proceedings

Lastly, all of Plaintiff's Section 1983 claims for damages arising out of her state court criminal cases, including her claims concerning the effectiveness of her 2016 defense counsel and the alleged undue delay in carrying out her August 23, 2017 psychiatric evaluation, are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*; *see also Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated). Plaintiff has not put forth any allegations that demonstrate that her convictions have been invalidated in one of the ways set forth in *Heck*. Therefore, *Heck* bars Plaintiff's claims, which must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, the action is hereby dismissed for failure to state a claim on which relief may be granted and because immunity bars Plaintiff's claim for damages against the State of New York. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

  /s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
       January 2, 2018